IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE RICE, individually and on behalf of all others similarly situated, | : : : | No. 4:15-cv-00371 |
| | : | (Judge Brann) |
| Plaintiff, | : : | |
| v. | : : | |
| ELECTROLUX HOME PRODUCTS, INC., | : : : | |
| Defendant. | : | |

**MEMORANDUM**

**January 10, 2017**

This is a putative class action alleging certain defects in mounted stovetop microwaves that purportedly caused at least one consumer—the Plaintiff here—to come into contact with a hot surface while preparing food. Nevertheless, Plaintiff declined to seek medical treatment and is reportedly the only person to have ever notified Defendant's call center of a bodily injury claim stemming from microwave usage for at the least the past five years.

Holding certification and liability issues at bay for now, a question as to the propriety of subject matter jurisdiction under the Class Action Fairness Act of 2005 (CAFA) was raised <u>sua sponte</u> by the Court during its May 12, 2016 oral

argument and again by the parties in relation to a motion to transfer pending in a related matter before the United States District Court for the District of Maryland.

## BACKGROUND

In her complaint, Plaintiff asserted the following claims, both individually and on behalf of several putative classes: (1) declaratory relief pursuant to 28 U.S.C. § 2201, et seq.; (2) strict liability—design defect and failure to warn on behalf of a Rule 23(b)(2) declaratory relief class; (3) negligent failure to warn on behalf of Rule 23(b)(3) Pennsylvania and Other State sub-classes; (4) violation of the Magnuson Moss Warranty Act (MMWA) on behalf of all classes; (5) breach of implied warranty of merchantability on behalf of all classes; (6) breach of express warranty on behalf of all classes; (7) unjust enrichment on behalf of all classes; and (8) strict liability—design defect and failure to warn on behalf of Plaintiff individually for her personal injuries.[1]

Thus, in sum, Plaintiff brought putative class action claims on behalf of a nationwide Rule 23(b)(2) injunctive relief class, a Pennsylvania Rule 23(b)(3)

---

[1] ECF No. 1 at 20–38.

subclass, and an Other States Rule 23(b)(3) subclass.[2] The Other States subclass included the following thirty-five jurisdictions: Alaska, Arkansas, California, Colorado, Delaware, District of Columbia, Hawaii, Indiana, Kansas, Louisiana, Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Dakota, Oklahoma, Rhode Island, South Carolina, South Dakota, Texas, Utah, Virginia, Washington, West Virginia, and Wyoming.[3]

On July 28, 2015, this Court granted Defendant's Motion to Strike the Rule 23(b)(3) Other States subclass. Therefore, after the Court granted the motion to strike the Other States subclass, only a Pennsylvania damages class remained pursuant to Rule 23(b)(3). Consideration of that class—absent some assignment of monetary value for certain declaratory relief sought by the nationwide class under Rule 23(b)(2)—would not satisfy CAFA's $5,000,000.00 amount in controversy requirement.

Following oral argument on the propriety of jurisdiction under CAFA, I requested that Plaintiff file an affidavit detailing the facts upon which she relied in maintaining that subject matter jurisdiction was appropriate. Thereafter and

---

[2]   Id. at ¶¶ 61–63.

[3]   Id. at ¶ 63.

due primarily to the complex interplay between each distinct subclass and Plaintiff's various claims, the Court also invited both parties to supplement the record by way of formal briefing. Both parties now agree that federal subject matter jurisdiction under CAFA is appropriate, and given the extensive background now contained within the Middle District record, the Court is satisfied as well.

## **LAW**

"When a requirement goes to subject-matter jurisdiction, courts are obligated to consider <u>sua sponte</u> issues that the parties have disclaimed or have not presented."[4] "The objections may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety."[5] Moreover, "subject matter jurisdiction cannot be waived and cannot be created even where the parties have expressly consented to do so."[6]

In particular, as the United States Court of Appeals for the Third Circuit has summarized, "CAFA confers on district courts original jurisdiction of any

---

[4]  <u>Gonzalez v. Thaler</u>, 132 S. Ct. 641, 648 (2012).

[5]  <u>Id.</u> at 648.

[6]  <u>Brown v. Philadelphia Hous. Auth.</u>, 350 F.3d 338, 340 (3d Cir. 2003).

civil action in which three requirements are met: (1) an amount in controversy that exceeds $5,000,000, as aggregated across all individual claims; (2) minimally diverse parties; and (3) that the class consist of at least 100 or more members."[7] As the Supreme Court of the United States has instructed, "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is deemed to be the amount in controversy."[8] Lower courts must accept such jurisdictional assertions as made in good faith, unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."[9]

"Diversity jurisdiction is determined at the time the complaint is filed from the face of the complaint."[10] Accordingly, "federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit

---

[7] Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 500 (3d Cir. 2014) (Smith, J.) (citing 28 U.S.C. § 1332(d)(2), (5)(B), (6)) (internal quotation marks omitted).

[8] Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 551 (2014) (internal quotation marks omitted).

[9] St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

[10] B&P Holdings I, LLC. v. Grand Sasso, Inc., 114 F. App'x 461, 464 (3d Cir. 2004) (Ambro, J.) (citing 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3702, at 62–68 (3d ed.1998)).

was filed."[11] "After vesting," subject matter jurisdiction typically "cannot be ousted by subsequent events."[12] As such, "a judgment dismissing one claim, and leaving only another claim by itself below the jurisdictional minimum amount in controversy, does not affect subject matter jurisdiction, as it is pegged at the time the complaint was filed."[13]

## ANALYSIS

The parties agree that if subject matter jurisdiction was proper at the time Plaintiff's complaint was filed, this Court may appropriately retain jurisdiction without engaging in a more intricate analysis of the subclasses and claims that remained following the motion to dismiss ruling. Based upon the authority referenced above, I too believe that to be the proper course of action. Following that lead, the analysis reveals that the operative complaint did meet CAFA's jurisdictional threshold and that subject matter jurisdiction is perfected here.

---

[11]  Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 152 (3d Cir. 2009) (Smith, J.).

[12]  Id.

[13]  B&P Holdings I, LLC. v. Grand Sasso, Inc., 114 F. App'x 461, 464 (3d Cir. 2004) (Ambro, J.).

As Plaintiff stated in her complaint, "the sum of the amount in controversy exceeds $5,000,000."[14] The parties indicate no reason why that averment was not made in good faith, and at the present juncture, the Court discerns none either. Moreover, Plaintiff supports her averment with particularized facts that permit me to infer that the jurisdictional threshold would be met. For instance, Plaintiff notes that the microwave's stainless steel door handle can be replaced at a retail cost of $78.67 per unit.[15]

Surpassing the $5,000,000.00 mark would require, as the parties point out, that at least 63,557 units have been sold nationwide and could therefore be valued in either the damages or injunctive relief calculations. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[16] That seems a reasonable metric on its face, and in fact, as the Defendant acknowledges, the documents produced during discovery reveal that it "sold substantially more than 63,557 microwaves" nationwide for the relevant time period.[17]

---

[14]   ECF No. 1 at 6 ¶ 16.

[15]   ECF No. 1 at 8 ¶ 25.

[16]   Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333, 347 (U.S. 1977).

[17]   ECF No. 99 at 7.

Because the jurisdictional amount is properly considered at the time of the filing and not after rulings on preliminary motions, I find it unnecessary to proceed and value the amount in controversy through the lens of the remaining subclasses. The motion to strike did not "oust" this Court of CAFA jurisdiction as perfected at the time of the filing. For these reasons, retention of jurisdiction is appropriate.

An appropriate Order follows.

                                  BY THE COURT:

                                  s/Matthew W. Brann
                                  Matthew W. Brann
                                  United States District Judge