## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE RICE, individually and on behalf of all others similarly situated, | : : : | No. 4:15-cv-00371 |
| | : | (Judge Brann) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ELECTROLUX HOME PRODUCTS, INC., | : : | |
| | : | |
| Defendant. | : | |

### ORDER

**January 10, 2017**

In conjunction with an unrelated question as to the propriety of subject matter jurisdiction, counsel recently brought to the Court's attention a dispute regarding application of the clawback provision contained within the stipulated protective order—a trifling dispute, which I note, could be resolved as much by a showing of professional courtesy as it could by a federal tribunal.

Federal Rule of Civil Procedure 26(c) "preserv[es] the trial courts broad discretion to impose protective orders for good cause." <u>Zenith Radio Corp. v. Matsushita Elec. Indus. Co.</u>, 529 F. Supp. 866, 911 (E.D. Pa. 1981). "The starting point for interpretation of a protective order lies in its plain language." <u>S.E.C. v.</u>

<u>Merrill Scott & Assocs., Ltd.,</u> 600 F.3d 1262, 1271–72 (10th Cir. 2010).

Accordingly, such an agreement "must be construed according to general

principles of contract law," and "deference is to be paid to the plain meaning of

the language and the normal usage of the terms selected." <u>City of Hartford v.</u>

<u>Chase</u>, 942 F.2d 130, 134–35 (2d Cir.1991).

In essence, Defendant suggests that it inadvertently failed to mark as

confidential certain sales data and supply chain information that it included in

an earlier interrogatory response. The protective order at issue specifically

divides confidential information into two tranches: "Confidential" and "Highly

Confidential." According to the agreement, "Highly Confidential" information

includes "sensitive business . . . information affecting current and future aspects

of the designating party's . . . ongoing business, the disclosure of which to third

parties who do . . . compete with the designating party . . . would prejudice the

designating party . . . in the operation of such ongoing business." ECF No. 35 at

2–3 ¶ 4. Certainly, the contested sales figures and supply chain information are

not only "confidential" but they are a type of "highly confidential" business

material as contemplated by the stipulated protective order.

Moreover, the protective order includes a clawback provision that allows the return of information to a party who has inadvertently disclosed such confidential or highly confidential information "as soon as reasonably possible" after the mistake is discovered. Id. at 9–10 ¶ 18. "'As soon as reasonably possible' simply means 'within a reasonable time under all of the circumstances.'" Ajnoha v. JC Penney Life Ins. Co., 480 F. Supp. 2d 663, 671 (E.D.N.Y. 2007). Accord N.Y. Univ. v. First Fin. Ins. Co., 322 F.3d 750, 754 (2d Cir. 2003) ("'[A]s soon as is reasonably possible' is a question of fact which depends on all the facts and circumstances, especially the length of and the reason for the delay.").

Further, that language implies that the disclosing party discover its mistake before the clock begins to tick. In fact, lawyers practicing in this venire of the Court often advance precisely that interpretation in similar clawback disputes. See, e.g., Garlick v. Trans Tech Logistics, Inc., et al., 4:12-cv-01166 (Brann, J.), Plaintiff's Brief in Support of Motion to Exclude, ECF No. 121 at 5 ("As soon as plaintiff realized that the defendants had improperly obtained these confidential documents, plaintiff asserted privilege and moved to have these psychiatric records excluded. As such, plaintiff assertion [sic] of privilege is timely and proper.").

Here, Defendant claims that it realized its mistake and contacted counsel for Plaintiff on October 14, 2016 after it discovered the released data was contained within a complaint filed on October 11, 2016 in a related matter pending before the United States District Court for the District of Maryland. ECF No. 100 at 6. Counsel for Plaintiff here also represents the plaintiff in that action. Regardless of how long the data was inadvertently disclosed, however, I consider the three-day period from October 11 through October 14 the critical timeframe here—the only one that the law compels truly matters in this instance. Of course, such a minimal notice period is sufficient to satisfy the "as soon as reasonably possible" standard given the circumstances of this case.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED** that, **no later than January 31, 2017**, the parties refile under seal any pleadings in this or any other case that attach or incorporate the confidential information set forth in Defendant's supplemental responses to Plaintiff's First Set of Interrogatories.

BY THE COURT:

<u>s/Matthew W. Brann</u>
Matthew W. Brann
United States District Judge