# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE RICE, ALEX KUKICH, ERIKA MENDOZA, JAMES HUNT, and DEAN MAURO, Individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., SHARP MANUFACTURING COMPANY OF AMERICA, a division of SHARP ELECTRONICS CORPORATION; SHARP APPLIANCES THAILAND LIMITED; MIDEA AMERICA CORP.; MIDEA MICROWAVE AND ELECTRICAL APPLIANCES MANUFACTURING CO., LTD; LOWE'S HOME CENTERS, LLC; MODESTO DIRECT APPLIANCE, INC.; and ABC CORP. 1-10,<br><br>Defendants. | No. 4:15-CV-00371<br><br>(Judge Brann) |

# MEMORANDUM OPINION

## OCTOBER 15, 2018

## I.  BACKGROUND

This opinion addresses Plaintiffs' motion for alternative service[1] for two corporate defendants located outside of the United States.  Defendant Midea

---

1   ECF No. 160.

Microwave And Electrical Appliances Manufacturing Company, Limited,[2] is a corporation located in the People's Republic of China, a country that is a member state to the Hague Conference[3] on Private International Law.[4] Sharp Appliances Thailand[5] is a corporation located in the Kingdom of Thailand, a country that is not a member of the Hague Convention.[6]

Plaintiffs have attempted service on the "U.S.-based headquarters of Midea China and Sharp Thailand,"[7] both of which refused to accept service for their respective foreign counterparts. Plaintiffs also attempted to serve counsel for the American counterparts of these companies, who also refused to accept service.[8]

Plaintiffs now request that the Court allow "hand delivery on the U.S. counsel already retained by these foreign Defendants,"[9] service "via email,"[10] and, because Thailand is not a party to the Hague Service Convention, "to serve Sharp Thailand via international mail."[11]

---

[2] Hereinafter "Midea China."

[3] The names Hague Conference and Hague Convention are used interchangeably in the case law and will be in this Memorandum Opinion as well.

[4] https://www.hcch.net/en/states/hcch-members (Last visited October 3, 2018).

[5] Hereinafter "Sharp Thailand."

[6] *See id.*

[7] ECF No. 133 at ¶ 4.

[8] *Id.*

[9] *Id.* at ¶ 6.

[10] *Id.* at ¶ 7.

[11] *Id.* at ¶ 8.

Not surprisingly, Sharp Thailand, as it has not yet been served with process, filed no opposition to Plaintiffs' motion for alternative service. Curiously, however, defense counsel for Midea America Corporation,[12] who have neither unequivocally confirmed or denied if they represent Midea China, filed two briefs in opposition to the motion on behalf of the unserved defendant Midea China."[13]

Midea America posits that the only proper method of service is through the Hague Convention. Midea America further argues that e-mail service is inappropriate, as the three individuals Plaintiffs have located e-mail addresses for "technical individuals" with only "basic English skills" who would be unable to "read and understand a complex legal document such as the Amended Complaint."[14] Counsel also represents that it cannot accept service on behalf of Midea China, citing various legal propositions for why they cannot,[15] without stating whether or not they do or do not represent Midea China in addition to their client, Midea America. Odd, indeed.

---

[12] Hereinafter "Midea America."

[13] Similarly, the Honorable William Alsup of the Northern District of California found this practice to be "odd" as well. *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008) (Alsup, J.) ("Defense counsel have refused to accept service on behalf of the unserved defendants on the ground that they do not represent the international defendants. (Yet, oddly, defense counsel oppose this motion on behalf of the unserved defendants."))

[14] Def. Br. ECF No. 140.

[15] *Id.* at 9.

For the reasons that follow, the motion is granted in part and denied in part. Plaintiffs must serve Midea China through the Hague Convention's procedure through the Chinese Central Authority. Plaintiffs may serve Sharp Thailand by international mail sent by the clerk of court.

**II.   DISCUSSION**

**A.   Service of Process on a Defendant in a Foreign Country.**

"The Hague Service Convention is a multilateral treaty that was formulated in 1964 by the Tenth Session of the Hague Conference of Private International Law."[16] "The Convention revised parts of the Hague Conventions on Civil Procedure of 1905 and 1954."[17] "The revision was intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad."[18]

The federal rules specifically contemplate service through the Hague Convention[19], and the United States Supreme Court has confirmed that service through the Hague Convention is mandatory.[20] There are three subsections of

---

[16]   *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988) (O'Connor, J.).

[17]   *Id.*

[18]   *Id. (internal citation omitted).*

[19]   *See* Fed. R. Civ. P. 4(f) Advisory Committee Notes.

[20]   *See Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 704 ("[C]ompliance with the Convention is mandatory in all cases to which it applies.")

- 4 -

Federal Rule of Civil Procedure 4 that apply to service on a foreign corporation.

Rule 4(f) states:

> **(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> > (C) unless prohibited by the foreign country's law, by:
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Subsection (h) sets forth:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Finally, subsection (m) advises:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

The Federal Rules of Civil Procedure recognize, and directly reference, the Hague Conference agreements. The 1993 amendments to the Federal Rules of Civil Procedure revised this rule to "call[] attention to the important effect of the Hague Convention and other treaties bearing on service of documents in foreign countries and favors the use of internationally agreed means of service."[21] The Federal Civil Rules of Civil Procedure Advisory Committee stated,

> Paragraph (1) gives effect to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, which entered into force for the United States on February 10, 1969. *See* 28 U.S.C.A., Fed.R.Civ.P. 4 (Supp.1986). This Convention is an important means

---
[21] Advisory Committee Notes to Fed. R. Civ. P. 4.

of dealing with problems of service in a foreign country. *See generally* 1 B. Ristau, International Judicial Assistance §§ 4-1-1 to 4-5-2 (1990). Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988) (noting that voluntary use of these procedures may be desirable even when service could constitutionally be effected in another manner); J. Weis, The Federal Rules and the Hague Conventions: Concerns of Conformity and Comity, 50 U.Pitt.L.Rev. 903 (1989). Therefore, this paragraph provides that, when service is to be effected outside a judicial district of the United States, the methods of service appropriate under an applicable treaty shall be employed if available and if the treaty so requires.[22]

### 1. Service on Midea Microwave and Electrical Appliance Manufacturing Co., Ltd

"The Hague Conference has currently 83 Members," including China.[23] "The provisions entered into force between the United States and China in 1991."[24]

"The primary innovation of the [Hague] Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries."[25] "By requiring each state to establish a central authority to assist in the service of process, the Convention implements this enabling function"[26] of "service of process abroad."[27]

---

[22] *Id.*

[23] https://www.hcch.net/en/states/hcch-members (Last visited October 3, 2018).

[24] *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *1 (N.D. Cal. June 12, 2008) (Alsup, J.).

[25] *Volkswagenwerk Aktiengesellschaft* at at 699 *(internal citation omitted)*.

[26] *Id.* at 704.

[27] *Id.*

"Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law."[28] "The central authority must then provide a certificate of service that conforms to a specified model."[29] "A state also may consent to methods of service within its boundaries other than a request to its central authority."[30]

Here, Plaintiffs request alternative service to avoid the Hague Convention's service procedure through the Chinese Central Authority. Plaintiffs assert that "under a cumbersome, expensive, and time-consuming process….the translation costs for service on these foreign Defendants is approximately $28,500-$33,500 with an estimated time to completion of 29-31 business days."[31] Instead of following the internationally agreed upon Hague Conference method of international service of process, Plaintiffs instead request that the Court allow "hand delivery on the U.S. counsel already retained by these foreign Defendants," or service "via email" on Midea China. Both requests are denied.

The United States Supreme Court as well as the Advisory Committee to the Federal Rules of Civil Procedure have explained that use of Convention procedures

---

[28] *Id.* at 699.

[29] *Id.*

[30] *Id.*

[31] Pl. Br. ECF No. 139 at 10.

is "mandatory" if documents must be transmitted abroad to effect service. The Advisory Committee notes give examples of when alternative means of service may be used. For example, "the failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention, or the refusal of the Central Authority to serve a complaint seeking punitive damages or to enforce the antitrust laws of the United States"[32] is noted. "If, ultimately, the only workable means of effecting service is through the Hague Convention, then Plaintiff should take that route rather than attempting, as it does here, to short circuit the rules for international service of process."[33]

Although there is no hierarchy of service set forth in the three subsections of Rule 4,[34] and Courts have permitted email service,[35] in this matter resorting to service by email is not necessary as Plaintiffs have traditional methods of service available to them. Plaintiffs have the correct address for Midea China to provide to the Chinese Central Authority for it to serve this Defendant. The email addresses provided by Plaintiffs are all for individuals counsel for Midea America has described as three "technical individuals" for whom "it would be a stretch to

---

[32] *Graphic Styles/Styles Int'l LLC v. Men's Wear Creations*, 99 F. Supp. 3d 519, 524 (E.D. Pa. 2015) (Beetlestone, J.) *citing* Fed. R. Civ. P. 4(f) 1993 Advisory Committee Note.

[33] *Id.*

[34] *See e.g. Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002).

[35] *Id.* (allowing service by e-mail where Plaintiff did not have a physical address for the Defendant). MAYBE USE THIS CASE TOO. *JBR, Inc. v. Cafe Don Paco, Inc., No. 12-CV-02377 NC, 2013 WL 1891386, at *5 (N.D. Cal. May 6, 2013)*

conclude they would have the language skills necessary to read and understand a complex legal document such as the Amended Complaint."[36] Because these individuals are likely not agents of Midea China capable of accepting service of process, email service on these persons is inappropriate.

I also will not order service on Midea America's counsel. At least not yet. "A court cannot authorize service on a foreign defendant's lawyer unless there has been adequate communication between the two."[37] There is currently nothing to suggest that Midea China "conferred expressly or impliedly the right to accept service of process on its counsel."[38] Counsel for Midea America has not confirmed whether or not they will represent Midea China once served; counsel asserts that they "do not and have not to date represented Midea Microwave China."[39] Counsel has stated "they have not acted as a representative of or provided legal services to Midea Microwave China or have regularly communicated with Midea Microwave China with respect to these matters."[40]

A seemingly reasonable alternative to Plaintiffs two proposed alternatives to serving via the Hague Convention's Central Authority would be service by

---

[36] ECF No. 140 at 8.

[37] *In re Heckmann Corp. Sec. Litig.*, No. CA 10-378-LPS-MPT, 2011 WL 5855333, at *4 (D. Del. Nov. 22, 2011) (Thynge, M.J.).

[38] *Allstate Ins. Co. v. Funai Corp.*, 249 F.R.D. 157, 163 (M.D. Pa. 2008) (Kane, J.).

[39] Def. Br. ECF No. 149 at 4.

[40] *Id.*

international mail. Article 10 of the Hague Convention provides for such mail service. It reads as follows:

> Provided the State of destination does not object, the present Convention shall not interfere with—
> a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
> b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
> c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.[41]

The United States Supreme Court recently resolved a circuit split on whether or not the Hague Convention permits service by mail.[42] The Court held that so long as both the receiving country and the sending state's long-arm statute do not prohibit service by mail, neither does the Hague Convention pursuant to Article 10.[43] "The function of Article 10 is to ensure that, absent objection from the receiving state, the Convention 'shall not interfere with the activities described in 10(a), 10(b) and 10(c).'"[44] That said, China has specifically objected to Article 10

---

[41] Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.

[42] Water Splash, Inc. v. Menon, 137 S. Ct. 1504, (Altio, J.).

[43] *Id.*

[44] *Id.* at 1509.

and will not accept service by mail.[45] As such, because the receiving country, China, does not permit service by mail, this form of service is not permitted in this matter.

Consequently, there is no sound justification for me to find that Plaintiffs here should avoid the Hague Convention procedures in order to serve Midea China. The Court is sympathetic to the costs and difficulties of this process. "[S]ervice in China pursuant to the Hague Convention requires that all documents served be written in Chinese or that a Chinese translation be attached."[46] Moreover, "the Central Authority in China does not provide a means for checking the status of a service request."[47] However, as noted, Plaintiffs have the correct address for Midea China, and "the Hague Convention does [] apply "where the address of the person to be served with the document is [] known."[48] "In addition, parties that comply with the Convention ultimately may find it easier to enforce their judgments abroad."[49] Thus, Plaintiffs' motion for alternative service on

---

[45] *In re LDK Solar Sec. Litig.,* at *1. *See also James Avery Craftsman, Inc., v. Sam Moon Trading Enterprises, Ltd., et al,* No. SA-16-CV-00463-OLG, 2018 WL 4688778, at *4-5 (W.D. Tex. July 5, 2018) (Garcia, C.J.). ("China is one of many signatories of the Hague Convention that have explicitly objected to the service provisions in Article 10… Thus, extraterritorial service by international mail on [Defendant] in China is prohibited by international agreement.").

[46] *James Avery Craftsman, Inc.* at * 1.

[47] *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-CV-01827-N, 2018 WL 3330022, at *1 (N.D. Tex. Mar. 16, 2018) (Godbey, J.).

[48] *James Avery Craftsman, Inc*. at * 4.

[49] *Volkswagenwerk Aktiengesellschaft,* 486 U.S. at 706.

Midea China is denied; Plaintiffs must instead proceed with service through China's Central Authority pursuant to the dictates of the Hague Convention.

### 2. Service on Sharp Appliances Thailand Limited

Plaintiffs assert that the both the United States headquarters of Sharp Thailand and counsel for Sharp Manufacturing Company of America, a division of Sharp Electronics Corporation, have refused to accept service for the foreign supplier.[50] In light of that, Plaintiffs request that the Court permit alterative service via hand delivery on counsel who currently represents the American counterparts of the Thai corporation, via e-mail service on several Thai e-mail addresses Plaintiff found through discovery responses, and, finally, because Thailand is not a party to the Hague Convention, by international mail. For the same reasons as stated previously, I decline to order service either by e-mail or on counsel for Sharp Manufacturing Company of America.[51] However, I will order service via

---

[50] ECF No. 160 at ¶ 4.

[51] However, it appears that counsel for Sharp America did represent Sharp Thailand at least in the year 2016. If service on Sharp Thailand via mail sent by the Court Clerk fails, I would re-consider service on counsel pursuant to the attachment found at 4:17-CV-02028 ECF No. 139-7.

international mail. Because Thailand is not a member of the Hague Conference, service through a central authority is not available under Rule 4(f)(1).[52]

Thus, I turn to Rule 4(f)(2)(C)(ii) and order service "using any form of mail that the clerk addresses and sends to the individual and that requires a signed



Eckert Seamans Cherin & Mellott, LLC
10 Bank Street
Suite 700
White Plains, NY 10606

TEL 914 949 2909
FAX 914 949 5424
www.eckertseamans.com

Steven R. Kramer
Direct Dial: 914-949-3760
skramer@eckertseamans.com

February 24, 2016

*Via E-Mail* (michael.nelson@klgates.com)
Michael S. Nelson, Esq.
K&L Gates LLP
17 North Second Street, 18th Floor
Harrisburg, PA 17101-1507

Re: *Rice v. Electrolux Home Products, Inc.*
Docket No. 4:15-cv-0371-MWB (M.D.Pa.)

Dear Mr. Nelson:

As you know, we represent Sharp Appliances Thailand Limited ("Sharp").

This letter should ***not*** be disclosed to plaintiffs' counsel, the Court or any third-party.

*****

Please call me if you have any questions.

Very truly yours,

*Steven R. Kramer*

Steven R. Kramer

---

[52] https://www.hcch.net/en/states/hcch-members (Last visited October 3, 2018).

receipt."[53]  Plaintiffs did not provide an address for Sharp Thailand in their motion or briefs, but in the Consolidated Amended Complaint[54] Plaintiffs note the address of Sharp Thailand as 64 MOO 5 Tambol Bansamuk, Amphur, BangPakong, Chachoengsao Province, Thailand.  Accordingly, the Clerk will be directed to send service of process to this Defendant by "mail…that requires a signed receipt."

**III.  CONCLUSION**

For all of the foregoing reasons, Plaintiffs' motion for alternative service is granted in part and denied in part.

An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[53] Fed. R. Civ. P. 4(f)(2)(C)(ii).  Service by mail does not appear to be prohibited by Rule 4(f)(3) either. "Plaintiff states that it is not aware of any agreement between the United States and Thailand that forbids service of process by the means that were utilized by plaintiff and the Court, likewise, is aware of none. Service of process upon defendants, therefore, will be approved pursuant to Rule 4(f)(3)." *Igloo Prod. Corp. v. Thai Welltex Int'l Co.*, 379 F. Supp. 2d 18, 20 (D. Mass. 2005) (Gorton, J.); *and see CE Int'l Res. Holdings LLC v. S.A. Minerals Ltd. P'ship,* No. 12 CIV. 8087 CM, 2013 WL 324061, at *1 (S.D.N.Y. Jan. 24, 2013) (allowing service of a show cause order by U.S. Postal Service Express Mail).

[54] October 3, 2018, ECF No. 173.