# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE RICE, ALEX KUKICH, and DEAN MAURO, Individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC.; LOWE'S HOME CENTERS, LLC; and ABC CORP. 1-10,<br><br>　　　　Defendants. | Case No. 4:15-cv-00371<br><br>Judge Brann |

**BRIEF OF DEFENDANTS ELECTROLUX HOME PRODUCTS, INC. AND LOWE'S HOME CENTERS, LLC IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT (ECF NO. 274)**

Michael S. Nelson (PA 78846)
**K&L GATES LLP**
210 Sixth Avenue
Pittsburgh, PA 15222-2613
P: 412.355.6500
F: 412.355.6501
michael.nelson@klgates.com

Patrick J. Perrone (NJ 43681987)
Admitted Pro Hac Vice
Loly G. Tor (NJ 17012004)
Admitted Pro Hac Vice
**K&L GATES LLP**
One Newark Center, 10th Floor
Newark, NJ  07102
P: 973.848.4000
F: 973.848.4001
patrick.perrone@klgates.com
loly.tor@klgates.com

*Attorneys for Defendants Electrolux Home Products, Inc. And Lowe's Home Centers, LLC*

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** .............................................................................. 1

**RELEVANT PROCEDURAL HISTORY** ............................................................ 2

    **I.**    **Plaintiff Elaine Rice's Tort Claims** ..................................................... 2

    **II.**    **Plaintiff Dean Mauro's G.B.L. §§ 349 and 350 Claims** ................. 6

**ARGUMENT** ........................................................................................................... 8

    **I.**    **Standard of Review** ............................................................................. 8

    **II.**    **Rice's tort claims should be dismissed, yet again, with prejudice.** ............................................................................................. 8

    **III.**    **Mauro has not pled facts that save his G.B.L. §§ 349 and 350 claims.** ............................................................................................. 9

**CONCLUSION** ..................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937 (2009)............................................................8, 12

*Belfiore v. Procter & Gamble Co.*,
    94 F. Supp. 3d 440 (E.D.N.Y. 2015) ...................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................8, 12

*In re Clorox Cons. Litig.*,
    301 F.R.D. 436 (N.D. Cal. 2014)..........................................................................10

*Dittman v. University of Pittsburgh Medical Center*,
    196 A.3d 1036 (Pa. 2018)......................................................................................5

*Gale v. Int'l Bus. Machs. Corp.*,
    9 A.D.3d 446 (2d Dep't 2004)........................................................................10, 12

*Goldemberg v. Johnson & Johnson Cons. Cos., Inc.*,
    8 F. Supp. 3d 467 (S.D.N.Y. 2014) .....................................................................10

*Hart v. Univ. of Scranton*,
    838 F. Supp. 2d 324 (M.D. Pa. 2011)....................................................................8

*Kennedy v. Mondelez Glob. LLC*,
    No. 19-CV-302-ENV-SJB, 2020 WL 4006197 (E.D.N.Y. July 10,
    2020) ..................................................................................................................12

*Koch v. Acker, Merrall & Condit Co.*,
    18 N.Y.3d 940 (2012) .........................................................................................10

*Lewis v. Nissan N. Am., Corp.*,
    No. 04CIV562LAKTHK, 2005 WL 8177285 (S.D.N.Y. June 29,
    2005) ..................................................................................................................13

*Small v. Lorillard Tobacco Co.*,
    94 N.Y.2d 43 (1999) ...................................................................................................10

*Solak v. Hain Celestial Group Inc.*,
    3:17-cv-0704(LEK/DEP), 2018 WL 1870474 (N.D.N.Y. Apr. 17,
    2018) ........................................................................................................................12

**Statutes**

28 U.S.C. § 2201, *et seq.*......................................................................................................2, 4

**Rules**

Fed. R. Civ. P. 8 ....................................................................................................................8

Fed. R. Civ. P. 12(b)(6).....................................................................................................3, 8

307851404 v1

**PRELIMINARY STATEMENT**

Plaintiff Elaine Rice has yet again asserted tort claims that are barred by the economic loss rule. Despite numerous orders from this Court dismissing all tort claims based on economic losses and despite the Court affirmatively denying Rice leave to replead her tort claims, Rice nevertheless has yet again asserted claims on her own behalf and on behalf of the putative Injunctive/Declaratory Relief Class and the Pennsylvania State Sub-Classes for strict liability-design defect and failure to warn, negligent failure to warn, and negligence – all based on economic losses. Electrolux Home Products, Inc. ("Electrolux") respectfully requests that the Court dismiss these claims – again – with prejudice.

Electrolux and Lowe's Home Centers LLC ("Lowe's") also respectfully request that the Court dismiss Plaintiff Dean Mauro's claims for violation of G.B.L. §§ 349 and 350 with prejudice. The Court previously dismissed these claims because Mauro failed to allege facts establishing the necessary element of causation. Despite being granted leave to amend his claims to plead such facts, Mauro has failed to do so. Instead, Mauro bases his claims solely on the representation that the microwave he purchased is an "over-the-range" microwave oven, although he fails to allege what communications he saw, heard, or read or when he saw, heard, or read them as required to establish causation. Moreover, the microwave Mauro purchased is in fact an over-the-range microwave. This factually accurate statement is not

1

misleading and cannot form the basis of a claim for violation of G.B.L. §§ 349 and 350 as a matter of law. As such, and for the reasons for more fully set forth below, Electrolux and Lowe's respectfully request that the Court dismiss Mauro's claims for violation of G.B.L. §§ 349 and 350 with prejudice.

## RELEVANT PROCEDURAL HISTORY

### I.     Plaintiff Elaine Rice's Tort Claims

Plaintiff Elaine Rice filed the original complaint in this action on February 18, 2015. (ECF No. 1). Rice alleged that she purchased a Frigidaire-brand "over-the-range" microwave oven manufactured by Electrolux. (ECF No. 1 ¶¶ 1, 10, 31). Rice alleged that, while cooking on the stove beneath her microwave, she reached for the handle of the microwave to open it and suffered a burn on her hand "due to the exceedingly high temperature of the stainless steel handle of the Microwave." (ECF No. 1 ¶ 33). Rice thus alleged that the microwave's handle "contains a uniform latent design defect," in that the handle absorbs heat from the cooking range when the range is in use and reaches "temperatures in excess of 168°F in minutes" thus allegedly "creating a substantial risk of harm to consumers for burns and related injuries." (*Id.* ¶ 3).

Based on these allegations, Rice asserted the following claims, both individually and on behalf of putative classes: (1) declaratory relief pursuant to 28 U.S.C. § 2201, et seq.; (2) strict liability - design defect and failure to warn on behalf

of a Rule 23(b)(2) declaratory relief class; (3) negligent failure to warn; (4) violation of the MMWA; (5) breach of implied warranty of merchantability; (6) breach of express warranty; and (7) unjust enrichment, as well as a separate claim for strict liability – design defect and failure to warn on behalf of Rice individually for her alleged personal injuries. (*Id.* at 20-37).

On April 3, 2015, Electrolux moved pursuant to Rule 12(b)(6) to dismiss Rice's strict liability (Count II) and negligent failure to warn (Count III) claims seeking economic loss damages, which Rice asserted on her own behalf and on behalf of the putative Pennsylvania state class, on the grounds that the claims are barred by the economic loss doctrine. (ECF No. 11 at 6-8). Electrolux did not move to dismiss Rice's tort claims that sought relief for her alleged personal injuries. (*Id.* at 7 n.2).

On July 28, 2015, this Court granted the motion with respect to the strict liability and failure to warn claims that sought economic loss damages. (ECF No. 24 at 12). The Court dismissed in part Rice's tort claims based on the economic loss rule (Counts 2 and 3), finding that "any claim for economic damages related to the costs to repair or replace the allegedly defective Microwaves" was dismissed, and the tort claims would remain only to the extent that they are based on personal injuries. (*Id.* at 12). Thus, the Court ordered that "[a]ny claims for economic losses

3

related to the costs to repair or replace the Microwaves in Counts Two and Three are DISMISSED WITH PREJUDICE." (ECF No. 25 (emphasis in original)).

On March 24, 2017, Plaintiffs Rice and Kukich filed a Consolidated Amended Class Action Complaint (the "Amended Complaint"). (ECF No. 116). They asserted the following claims: (1) declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, (2) strict liability-design defect and failure to warn, (3) negligent failure to warn, (4) violation of the MMWA, (5) breach of implied warranty of merchantability, (5) breach of express warranty, and (6) negligence. (*Id.* at 19-32). With respect to Rice, the Amended Complaint did not acknowledge that her tort claims "for economic losses related to the costs to repair or replace the Microwaves" were "DISMISSED WITH PREJUDICE." (*See* ECF No. 25 (emphasis in original)).

On April 14, 2017, Electrolux moved to dismiss, among other claims, all tort claims asserted by Rice that were based on alleged economic damages. (ECF No. 118 at 19-20). In response, Rice contended that she was not "re-litigating this Court's July 28, 2015 Order." (ECF No. 119 at 17). On February 20, 2018, the Court, relying on its July 28, 2015 Opinion dismissing the tort claims based on economic losses, found "no reason to abandon" the prior decision and ruled that Rice's tort claims for "economic losses resulting solely from damage to the product itself" remained dismissed. (ECF No. 125 at 14). The Court reiterated that, "to the extent that Plaintiff Rice attempts to assert claims in tort for such economic loss on

4

behalf of a putative class, those claims for purely economic loss cannot proceed." (*Id.*).

On March 26, 2020, Rice filed a motion for relief from the July 28, 2015 Opinion dismissing Rice's tort claims based on the Pennsylvania Supreme Court's decision in *Dittman v. University of Pittsburgh Medical Center*, 196 A.3d 1036 (Pa. 2018). (ECF No. 264). On August 13, 2020, the Court denied Plaintiffs' motion. (ECF No. 272). The Court found that, even assuming (without deciding) that *Dittman* represented a "supervening change in governing law" with respect to Pennsylvania's application of the economic loss rule, *Dittman* did not call the validity of the Court's July 2015 Opinion into question. (*Id.* at 19-20). The Court thus upheld its July 2015 Opinion and Order and ruled "that Rice's negligence claim within the Consolidated Amended Complaint's *Rice-Kukich* Action Count Seven is dismissed with prejudice, to the extent that this claim is premised on pure economic loss." (*Id.* at 21-22). The Court noted that "Plaintiffs will receive a chance to amend their complaint again—*though the amendment will not cover Rice's Pennsylvania law tort-based claims for pure economic loss*." (*Id.* at 21 n. 92 (emphasis added)).

In the Third Amended Consolidated Class Action Complaint filed on August 27, 2020, Rice amended her tort claims in contravention of the Court's August 13, 2020 Order. (ECF No. 274). Specifically, Rice asserts the following tort claims on her own behalf and on behalf of the putative Injunctive/Declaratory Relief Class and

5

307851404 v1

the Pennsylvania State Sub-Classes: strict liability-design defect and failure to warn (Rice/Kukich Second Cause of Action), negligent failure to warn (Rice/Kukich Third Cause of Action), and negligence (Rice/Kukich Seventh Cause of Action). (*Id.* at 53-59, 71-73). Plaintiffs define the Injunctive/Declaratory Relief Class and the Pennsylvania State Sub-Class to <u>exclude</u> "all claims for personal injury and wrongful death." (*Id.* ¶ 147). Rice also does not appear to allege any claims for personal injury on her own behalf and is asserting only claims for economic losses. (*Id.* at 53-59, 71-73).

Prior to filing the instant motion, counsel for Electrolux and Lowe's reached out to Plaintiffs' counsel asking that he amend the complaint to remove the tort claims asserted by Rice that are based on economic losses. (Certification of Loly G. Tor ("Tor Cert.") ¶¶ 2-3). Plaintiffs did not amend their complaint, necessitating the filing of this motion. (*Id.* ¶ 4).

## II. Plaintiff Dean Mauro's G.B.L. §§ 349 and 350 Claims

On January 15, 2020, the Court dismissed Mauro's G.B.L. §§ 349 and 350 claims with prejudice because Mauro failed to allege that he looked at any materials prior to purchasing his microwave and, as such, Mauro failed to allege a causal connection between Electrolux and Lowe's allegedly deceptive acts and omissions and Mauro's alleged injury. (ECF No. 247 at 41). Mauro moved for reconsideration of the January 15, 2020 Opinion, and the Court found that "Plaintiffs' arguments for

6

reconsideration here bring them no closer to satisfying the causation requirement." (ECF No. 272 at 16). In particular, Plaintiffs "still have not pled that Electrolux's omission *caused* Mauro's economic injuries here. Put another way, it is not enough for Plaintiffs to plead that Electrolux made a certain statement that contained a misleading omission. Plaintiffs must go a step further and plead that this omission was the cause of their injury." (*Id.*). However, because the January 15, 2020 Opinion was the first time the Court had addressed the sufficiency of Mauro's G.B.L. §§ 349 and 350 claims and, given the lenient and permissive standards governing amendments to pleadings, the Court retracted its dismissal with prejudice and granted Mauro leave to replead his claims for violation of G.B.L. §§ 349 and 350. (*Id.* at 17).

In the Third Amended Consolidated Class Action Complaint, Mauro re-asserted the claims for violation of G.B.L. §§ 349 and 350 based on alleged misrepresentations and omissions. (ECF No. 274 at 73, 76). The only factual allegations Mauro asserts now that differ from the factual allegations in the prior complaint are that his "purchase receipt and sales documents identify the Microwave [he] purchased as an Over-the-Range (OTR) Microwave," that Mauro "purchased his Microwave because it was represented as an 'Over-the-Range' Microwave," and that he "relied on the representation that the Microwave was an 'Over-the-Range' Microwave." (*Id.* ¶¶ 49, 50, 53).

7

# ARGUMENT

## I. Standard of Review

Rule 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to Rule 12(b)(6), a complaint should be dismissed if it fails to state a claim upon which relief can be granted. To satisfy Rule 8(a) and survive a motion to dismiss under Rule 12(b)(6), the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Naked assertion[s]" devoid of "further factual enhancement" are insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. While detailed factual allegations are not necessary, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Moreover, legal conclusions are not entitled to a presumption of truth. *Hart v. Univ. of Scranton*, 838 F. Supp. 2d 324, 327 (M.D. Pa. 2011) (a court "need not . . . credit a complaint's bald assertions or legal conclusions"). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Rice's tort claims should be dismissed, yet again, with prejudice.

Rice has re-asserted tort claims based on alleged economic losses even though the Court has ruled *three times* that these claims are barred by the economic loss

8

rule. Rice purports to bring tort claims on her own behalf and on behalf of the putative Injunctive/Declaratory Relief Class and the Pennsylvania State Sub-Classes: strict liability-design defect and failure to warn (Rice/Kukich Second Cause of Action), negligent failure to warn (Rice/Kukich Third Cause of Action), and negligence (Rice/Kukich Seventh Cause of Action). (ECF No. 274 at 53-59, 71-73). Plaintiffs defined the putative classes to exclude any claims for personal injury, meaning that only alleged damages suffered by the putative classes are for economic losses. (*Id.* ¶ 147). As such, Rice is attempting to yet again assert tort claims based on economic losses. Electrolux and Lowe's respectfully request that the Court dismiss, for the fourth time, Rice's tort claims asserted on behalf of all putative classes and the tort claims asserted on her own behalf to the extent the claims are based on economic losses. Moreover, because Electrolux and Lowe's were forced to file yet another motion to dismiss these tort claims, even after raising this issue with Plaintiffs' counsel before filing the instant motion to dismiss, Electrolux and Lowe's plan to file a motion for sanctions to recoup the costs of moving to dismiss the tort claims.

### III. Mauro has not pled facts that save his G.B.L. §§ 349 and 350 claims.

To state a claim for violation of G.B.L. §§ 349 and 350, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly

9

deceptive act or practice." *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012). Thus, a plaintiff must establish that "a material deceptive act or practice caused actual, although not necessarily pecuniary, harm." *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55-56 (1999). *See also Gale v. Int'l Bus. Machs. Corp.*, 9 A.D.3d 446, 447 (2d Dep't 2004) (dismissing G.B.L. § 349 claim because "plaintiff failed to plead causation with sufficient specificity to withstand dismissal").

To plead causation, a plaintiff must identify the statements or materials that he saw **prior to** purchasing the allegedly defective product. *Gale*, 9 A.D.3d at 447. If a plaintiff did not see any statements or materials, such statements or materials "could not have been the cause of his injury, there being no connection between the deceptive act and the plaintiff's injury." *Id. See also Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 446 (E.D.N.Y. 2015) (to establish causation, "[p]laintiff must individually plead the disclosures he or she received were inadequate, misleading, or false, and that she was injured as a result of the insufficient or false disclosures"); *Goldemberg v. Johnson & Johnson Cons. Cos., Inc.*, 8 F. Supp. 3d 467, 480 (S.D.N.Y. 2014) ("To properly allege causation, a plaintiff must state in his complaint that he has seen the misleading statements of which he complains before he came into possession of the products he purchased."); *In re Clorox Cons. Litig.*, 301 F.R.D. 436, 444 (N.D. Cal. 2014) (denying certification of class asserting

10

GBL §§ 349 and 350 claims because plaintiff "failed to limit their proposed classes to persons who saw or heard a common misrepresentation" and failed to "point to any specific advertisement that was seen by all class members").

Here, Mauro again has failed to identify any statements or other materials that he saw prior to purchasing the microwave. (*See generally* ECF No. 274). In the most recent complaint (the Consolidated Amended Class Action Complaint (ECF No. 116)) that the Court found to be deficient, Mauro alleged that in the "Installation Instructions, Use & Care Guide, and Specification Sheet for the Microwave, Defendant Electrolux promoted the Microwave as an 'Over The Range Microwave Oven.'" (ECF No. 173 ¶ 314). The Court found this allegation to be insufficient to establish causation, as Mauro must allege that he saw, heard, or read something *before* purchasing the Microwave. (ECF No. 247 at 41). Mauro attempts to correct this failure by removing any detail as to where he allegedly saw, heard, or read the alleged communications from Electrolux and Lowe's.[1] In the Third Amended Consolidated Class Action Complaint, Mauro simply asserts that he "purchased his Microwave because it was represented as an 'Over-the-Range' Microwave." (ECF

---

[1] Mauro also again refers to documents he could not have seen until **after** purchasing his Microwave: the "purchase receipt and sales documents identify the Microwave [he] purchased as an Over-the-Range (OTR) Microwave." (ECF No. 274 ¶ 49). As this Court previously held, representations Mauro may have seen after purchasing his microwave cannot be used to establish the causation prong of G.B.L. §§ 349 and 350 claims. (ECF No. 247 at 41).

11

No. 274 ¶ 50). This conclusory allegation is insufficient to identify what communications Mauro saw, heard, or read *before* he purchased his microwave. Because he has not alleged that he saw any statements or materials before purchasing his microwave, he has failed to allege a causal "connection between the deceptive act and the plaintiff's injury." *Gale*, 9 A.D.3d at 447. Thus, Mauro has failed to allege facts as required by *Iqbal, Twombly,* and New York law to establish causation and his claims against Electrolux and Lowe's for violation of G.B.L. §§ 349 and 350 should be dismissed.

Moreover, the statement that his microwave is an "Over-the-Range" microwave does not constitute a misleading representation under G.B.L. §§ 349 or 350 as a matter of law. Identifying the microwave as an over-the-range microwave is a factually true statement – Mauro's microwave is in fact an over-the-range microwave oven. A statement that is "a factually true statement" is not actionable under G.B.L. §§ 349 or 350. *Solak v. Hain Celestial Group Inc.*, 3:17-cv-0704(LEK/DEP), 2018 WL 1870474, at *3 (N.D.N.Y. Apr. 17, 2018) (finding label identifying product as "Veggie Straws" did not violate G.B.L. §§ 349 and 350 because it "truthfully captures" that the product was made of vegetables). When the description of the product matches the product's contents and, as such, is "a factually accurate representation," the description is not misleading as a matter of law. *Id.* at *4, 9. *See also Kennedy v. Mondelez Glob. LLC*, No. 19-CV-302-ENV-SJB, 2020

12

WL 4006197, at *12 (E.D.N.Y. July 10, 2020) (finding "factually true statement about the product" did not constitute a violation of G.B.L. §§ 349 or 350); *Lewis v. Nissan N. Am., Corp.*, No. 04CIV562LAKTHK, 2005 WL 8177285, at *12 (S.D.N.Y. June 29, 2005) (recognizing that a "factually accurate" statement could not form the basis of a G.B.L. § 349 claim), *report and recommendation adopted*, No. 04 CIV. 0562 (LAK), 2005 WL 1652924 (S.D.N.Y. July 14, 2005), *aff'd*, 186 F. App'x 98 (2d Cir. 2006).

As such, the Court should dismiss Mauro's claims against Electrolux and Lowe's for violation of §§ 349 and 350 with prejudice.

## CONCLUSION

For the foregoing reasons, Electrolux respectfully requests that the Court dismiss with prejudice: (1) Rice's tort claims asserted on her own behalf for economic losses, (2) the tort claims Rice asserts on behalf of the Injunctive/Declaratory Relief class and the Pennsylvania state subclass, and (3) Mauro's claims for violation of G.B.L. §§ 349 and 350.

Dated:  September 10, 2020  Respectfully submitted,

**K&L GATES LLP**

By: s/Michael S. Nelson
Michael S. Nelson (PA 78846)
210 Sixth Avenue
Pittsburgh, PA 15222-2613
P: 412.355.6500
F: 412.355.6501

13

michael.nelson@klgates.com

and

Patrick J. Perrone (NJ 43681987)
*Admitted Pro Hac Vice*
Loly G. Tor (NJ 17012004)
*Admitted Pro Hac Vice*
One Newark Center, 10th Floor
Newark, NJ  07102
P: 973.848.4000
F: 973.848.4001
patrick.perrone@klgates.com
loly.tor@klgates.com

14

## **CERTIFICATION OF WORD COUNT**

I certify that, in accordance with L. Civ. R. 7.8, the attached brief contains 3,115 words and complies with the word-count limitation set forth in L. Civ. R. 7.8(b)(2).

s/ Michael S. Nelson

## **CERTIFICATE OF SERVICE**

I certify that on September 10, 2020, I filed the attached document with the Court's ECF system such that all counsel of record will be served automatically.

s/ Michael S. Nelson

307851404 v1