**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELAINE RICE, ALEX KUKICH, and DEAN MAURO, Individually, and on behalf of all others similarly situated, | No. 4:15-CV-00371 |
| | (Judge Brann) |
| Plaintiffs, | |
| v. | |
| ELECTROLUX HOME PRODUCTS, INC., LOWE'S HOME CENTERS, LLC, and ABC CORP. 1-10, | |
| Defendants. | |

**MEMORANDUM OPINION**

**MARCH 10, 2021**

## I.   BACKGROUND

This action commenced more than six years ago.  Defendants Electrolux Home Products, Inc. ("Electrolux") and Lowe's Home Centers, LLC ("Lowe's") have filed a motion to dismiss Plaintiffs' Third Amended Consolidated Class Action Complaint (the "Instant Complaint").[1]

The motion is now ripe for disposition; for the reasons that follow, it is granted in part and denied in part.

---

[1]   *See* Doc. 274; 279.

## II.    DISCUSSION

### A.    Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[2] and "streamlines litigation by dispensing with needless discovery and factfinding."[3] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[4] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[5]

Following the Roberts Court's "civil procedure revival,"[6] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[7] and *Ashcroft v. Iqbal*[8] tightened the standard that district courts must apply to 12(b)(6) motions.[9]   These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[10]

---

[2]    *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)).

[3]    *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).

[4]    *Id.* at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).

[5]    *Id.* at 327.

[6]    Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313, 316, 319-20 (2012).

[7]    550 U.S. 544 (2007).

[8]    556 U.S. 662, 678 (2009).

[9]    *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

[10]    *Id.*

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[13] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[14]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[16]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts

---

[11]   *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

[12]   *Id.*

[13]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

[14]   *Twombly*, 550 U.S. at 556.

[15]   *Iqbal*, 556 U.S. at 679.

[16]   *Id.* at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).

alleged in the light most favorable to [the plaintiff]."[17] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[18] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[19]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[20]

## B.    Facts Alleged in the Instant Complaint

The facts relevant to the instant motion to dismiss, which I must accept as true for the purpose of deciding said motion, are as follows.  Because the motion to dismiss addresses only one narrow, substantive issue, I cabin the recitation of facts to those pertinent to the disposition of that legal question.

The microwaves distributed by Electrolux are described as "over-the-range" ("OTR") microwaves.[21]  The exterior packaging and labeling of these microwaves

---

[17]  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[18]  *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

[19]  *Id.* at 678.

[20]  *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

[21]  Doc. 274 ¶ 76.

specifically represent them as OTR microwaves.[22]  These microwaves incorporate a distinct handle design that has been afflicted with a defect (the "Handle Defect") that causes the handles to absorb heat from the range below the microwaves, resulting in dangerous temperatures.[23]  Only Electrolux knew about the Handle Defect, and it hid this problem from consumers, including Plaintiff Mauro.[24]  If the Handle Defect had been disclosed to Mauro, he would not have purchased the microwave, or he would have paid less for it.[25]  Mauro bought the microwave because it was represented as an OTR microwave; this provided added value over other microwaves he could have bought.[26]  At the time of purchase, Plaintiffs relied on the fact that the microwaves were designed to be used as OTR microwaves, and saw the representation that this microwave was, in fact, an OTR microwave.  These representations were, for example, included on the exterior packaging and labeling of the microwaves.  Plaintiffs were misled by the non-disclosure of the Handle Defect.[27]

---

[22] *Id.* ¶ 77.
[23] *Id.* ¶¶ 81-83.
[24] *Id.* ¶¶ 119-126.
[25] *Id.* ¶ 127.
[26] *Id.* ¶¶ 47, 50, 266.
[27] *Id.* ¶¶ 50, 286.

## C.    Analysis

### 1.    The motion to dismiss is granted as to the economic loss claims asserted by Elaine Rice

In addressing previous iterations of the complaint and motions to dismiss, this Court dismissed with prejudice Rice's negligence claims to "to the extent that [those] claims [were] premised on pure economic loss."[28]  I reaffirmed that decision in August 2020 and ordered that "Rice's negligence claim within the Consolidated Amended Complaint's Rice-Kukich Action Count Seven is dismissed with prejudice, to the extent that this claim is premised on pure economic loss."[29]  I informed Plaintiffs that they would "receive a chance to amend their complaint again—though the amendment will not cover Rice's Pennsylvania law tort-based claims for pure economic loss."[30]

Defendants note that Rice appears to have included these tort law claims in the Instant Complaint.  Defendants ask this Court to dismiss those claims with prejudice again.  In the Instant Complaint, Plaintiffs acknowledge that the Court "has dismissed several claims with prejudice as set forth in its Orders and Opinions of January 15, 2020, and August 13, 2020."[31]  They further state that "[t]hese claims are not repled here do [sic] to that dismissal, which Plaintiffs intend to

---

[28]  Doc. 24.
[29]  Doc. 272.
[30]  *Id.*
[31]  Doc. 274 at 4-5 n. 2.

appeal."[32]  In briefing, Plaintiffs represent that Counts 2, 3, and 7 "are not asserted for economic losses on behalf of Plaintiff Rice or the Pennsylvania State Sub-Class."[33]

Because there appears to be some confusion between the parties as to whether or not these claims for economic loss are to be litigated, and to ensure that all parties understand the lay of the land regarding this issue, the Court once again dismisses those causes of action with prejudice, but only to the extent that they are based on economic losses.

### 2.   Dean Mauro has stated a claim under G.B.L. §§ 349 and 350

In order for a plaintiff to state a claim for a violation of New York's General Business Law ("G.B.L.") §§ 349 and 350, a plaintiff must "allege (1) that the defendant's acts were consumer oriented, (2) that the acts or practices are deceptive or misleading in a material way, and (3) that the plaintiff has been injured as a result."[34]  Electrolux and Lowe's do not dispute the first two elements of the claim, but suggest that Plaintiffs have not established causation.  Defendants argue that Mauro must "identify the statements or materials that he saw prior to purchasing the allegedly defective product."[35]  Of course, if a purchaser has not seen any

---

[32]  *Id.*
[33]  Doc. 281 at 18-19.
[34]  *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995) (internal quotation marks omitted).
[35]  Doc. 280 at 10 (emphasis in original).

misrepresentation before purchasing a product, that misrepresentation cannot be the cause of any injury.[36]

Plaintiffs have done enough to survive this motion to dismiss. Mauro has both identified the statements or misrepresentations he saw and alleged that he saw them by the time he bought the microwave. Mauro claims that "at the time of purchase," he "saw the representation that the Microwave was an [OTR] Microwave."[37] He also specifically notes that the microwaves were "uniformly represented as [OTR] Microwaves on their exterior packaging [and] labeling."[38] He further alleges that the representation of the Electrolux microwave as an OTR microwave was deceptive or misleading because Electrolux concealed the Handle Defect. This omission made the representation misleading, which in turn, caused Mauro's injury.

The ruling in *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, which Defendants cite, offers guidance in resolving this matter. As that court noted, "a plaintiff must state in his complaint that he has seen the misleading statements of which he complains before he came into possession of the products he purchased."[39] In that case, the plaintiff described the particular "allegedly

---

[36]  *Gale v. Int'l Bus. Machines Corp.*, 9 A.D.3d 446, 447 (dismissing a claim where the plaintiff did not allege "that he saw any" misleading statements "before he purchased or came into possession" of the product at issue).

[37]  Doc. 274 ¶ 97.

[38]  *Id.* ¶ 267.

[39]  8 F.Supp.3d 467, 480 (S.D.N.Y. 2014).

misleading advertising and other statements" and alleged that the defendant's misrepresentations and omissions deceived and misled him.[40]  The court concluded that the "reasonable inference to be drawn" from the allegations was that the plaintiff had seen the misleading statements and "was thus deceived into purchasing the products in question."[41]

In this case, Plaintiffs have identified the specific injurious misrepresentations and omissions (the claims that the microwave was a functioning OTR microwave, without any disclosure of the Handle Defect) and alleged an injury stemming therefrom.  And unlike in *Goldemberg*, there is no inference necessary as to when Plaintiff saw the alleged misrepresentations, because he explicitly pleads that he saw those statements "at the time of purchase" and made his purchase "based on the representation that it was an [OTR]" microwave.[42]

Defendants also argue that the description of the microwave as an OTR microwave is an unactionable "factually truthful statement."[43] But this theory appears to put the cart before the horse.  The premise of Plaintiffs' claim is that because of the undisclosed Handle Defect, the microwaves at issue are not, in fact, suitable for use over a range.  As Plaintiffs say, "the literal ability to mount the Microwave over a range does not render the "Over-the-Range" misrepresentation

---

[40]  *Id.*
[41]  *Id.*
[42]  Doc. 274 ¶¶ 97, 99.
[43]  Doc. 280 at 12.

factually accurate."[44]  This creates a factual dispute that is inappropriate for resolution at this stage.  Unlike the cases cited by Defendants, the Court cannot say conclusively that it would be factually truthful to describe the microwaves as OTR-appropriate.

## III.   CONCLUSION

The instant motion to dismiss pursuant to Rule 12(b)(6) is granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge

---

[44]   Doc. 281 at 17-18.